### KENNEDY v. MOORE.

1. The addition of words to a sealed note, after its execution, converting it from a simple interest into an annual interest obligation, renders the note void as to obligors not assenting to the alteration.
2. Where a note appears upon its face to have been altered in a material part, it is incumbent upon the party producing it to explain the appearance, or show that the alteration was rightly made.
3. Where defendant admits that he signed a note for the amount and of the date mentioned in the complaint, but denies that the note is correctly described, and alleges that alterations have been since made without his knowledge or consent, the plaintiff must prove his note.
4. Nothing contained in proceedings under an adjudication of bankruptcy of the maker of a note is proper evidence in a subsequent action by the payee against a surety.

Before PRESSLEY, J., York, October, 1881.

Action by R. B. Kennedy, administrator, against S. R. Moore, executor. The opinion states the case.

Mr. *W. P. Good,* for appellant.

Messrs. *Wilson & Wilson,* contra.

July 21, 1882. The opinion of the court was delivered by

MR. JUSTICE McIVER.—This action, which was commenced on June 12th, 1881, was brought by the plaintiff as administrator *de bonis non* of N. P. Kennedy, against the defendant as executor of John S. Moore, deceased, on a note of which the following is admitted to be a copy :

$1015—Twelve months after date we or either of us promise to pay to the order of George Steele, Admr. of N. P. Kennedy, dec'd, one thousand and fifteen dollars with interest for

value received, witness our hands and seals this the 29th December, 1853. Interest to    · JAS. G. LINDSEY,    [SEAL.]
become principal annually    JOHN S. MOORE,    [SEAL.]
if not paid.    J. F. LINDSEY,    [SEAL.]

J. G. LINDSEY.

In his complaint the plaintiff alleged : " That on the 29th day of December, A.D. 1853, John S. Moore, together with Jas. G. Lindsey, made and delivered their note under seal to George Steele whereby each of them promise to pay to the said George Steele, as administrator of N. P. Kennedy, deceased, the sum of one thousand and fifteen dollars, with interest thereon from the said 29th day of December." The defendant in his answer admitted " that on the 29th of December, 1853, a sealed note signed by Jas. G. Lindsey, John S. Moore, and J. F. Lindsey, was executed to George Steele, as administrator of N. P. Kennedy ; but defendant denies that said note is correctly described or set forth in plaintiff's said complaint." For a further defence it was alleged that Jas. G. Lindsey was principal and John S. Moore one of his sureties on the note referred to, and that said note was materially altered, after it was executed by said Moore, by the addition of the words,' "Interest to become principal annually if not paid," without the knowledge or assent of said Moore, whereby the said note became void as to him.

When the case came on for trial the court ruled " that as to the proof of the note the affirmative of the issue was on the plaintiff." Thereupon the plaintiff offered the note in evidence, the signature being admitted, and rested. There were several credits indorsed on the note, the last of which was dated April 18th, 1872; but there was no evidence as to who made the payments evidenced by these credits. The defendant then offered testimony tending to show that the note had been altered after it was executed. In reply the plaintiff offered in evidence " the record of the Bankrupt Court in the matter of J. F. Lindsey, Petitioner in Bankruptcy, containing a schedule of all debts due by the petitioner, amongst which was the note in issue; also an affidavit as to the existence and correctness of a debt by sealed note held by the firm of John
30

S. Moore & Sons, made by a member of the firm; also the proof of the debt evidenced by the note in issue by W. E. Erwin, administrator of George Steele, deceased." The court ruled that this record from the Bankrupt Court was not competent evidence in this issue, and this ruling constitutes the basis of one of the exceptions.

Whether Moore was principal or surety on the note, and whether the alleged alteration was made before or after the maturity of the note, were not, according to our view of the case, inquiries material to the issue presented. We deem it unnecessary, therefore, to consider the several exceptions as to these points.

The rule is well settled that any alteration of a note in a material part, after its execution, without the assent of the maker, renders it void. *Stagg* v. *Pepoon*, 1 *N. & McC.* 102; *Mills* v. *Starr*, 2 *Bail.* 359; *Vaughan* v. *Fowler*, 14 *S. C.* 355. There can be no question but that the alleged additional words constituted a material alteration of the terms of the note as originally written, for by these words the note is converted from a note bearing ordinary simple interest into a note bearing interest payable annually. The only questions, therefore, were whether such alleged alteration had in fact been made, and if so, whether it was done with the assent of Moore, the defendant's testator. These questions were properly left to the jury, who have by their verdict solved them in favor of the defendant. When on the production of a paper it appears to have been altered in a material part, it is incumbent upon the party offering it in evidence to explain this appearance. *Vaughan* v. *Fowler*, *supra;* 1 *Greenl. Evid.* § 569. This he may do, either by the internal evidence derived from the paper itself, as in *Wicker* v. *Pope*, 12 *Rich.* 387, or by any other competent evidence. In this case the note upon its production did appear to have been altered by the addition of the words, " Interest to become principal annually if not paid," and it was the duty of the plaintiff to satisfy the jury that these words were added before the note was signed by Moore, or that they were subsequently inserted with his assent, and this he failed to do, as shown by the verdict.

It is contended by the appellant that the Circuit Judge erred in holding that the affirmative of the issue was with the plaintiff, because the defendant had admitted in his answer the execution of the note sued on. This position is based upon a mistaken view of the pleadings. The defendant while admitting that his testator did sign *a* note to Geo. Steele as Admr. of N. P. Kennedy, in effect denied that he signed *the* note sued upon; so that in addition to what has already been said, it is manifest that there was no error in holding that the affirmative of the issue was with the plaintiff.

The only remaining question is whether the record from the Bankrupt Court was competent evidence in this case. It seems to us very clear that it was *res inter. alios acta.* How any proceedings had in the Bankrupt Court under the petition of J. F. Lindsey, to which the testator, John S. Moore, was not a party, could be competent evidence against his executor in this issue, we are at a loss to conceive. The most formal and solemn admission by J. F. Lindsey of the validity of the note in suit could not be any evidence against Moore or his executor, and certainly the fact that this note was proved in the Bankrupt Court as against J. F. Lindsey, cannot be used as evidence to fix a liability upon the estate of Moore.

The judgment of this court is that the judgment of the Circuit Court be affirmed.